UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID RUBERTO, individually and on behalf of all others similarly situated, | § § § § § | Docket No. 2:18-cv-00377-MRH |
| Plaintiff, | § § | |
| v. | § § | JURY TRIAL DEMANDED |
| STRAD ENERGY SERVICES USA LTD | § § § | CLASS/COLLECTIVE ACTION |
| Defendant. | § § § | 29 U.S.C. § 216(b)/ FED. R. CIV. P. 23 |

## ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO CERTIFY AN FLSA CLASS AND APPROVE COLLECTIVE ACTION SETTLEMENT ON SPECIFIC TERMS

Before the Court in the above-entitled case is the Plaintiff's Unopposed Motion to Certify an FLSA Class and to Approve Collective Action Settlement ("Motion"). The Motion and appended documents confirm that the settlement is as to claims under 29 U.S.C. § 216(b), and that the state class claims asserted under Fed. R. Civ. P. 23 will be voluntarily dismissed. The Court has reviewed the Motion, terms of the settlement, the pleadings in this case, and the issues presented therein, and hereby:

1. Approves the settlement, including all of the terms set forth in the Settlement Agreement attached as Exhibit 1 to Plaintiff's Motion.

2. Approves the following defined group of claimants for purposes of the settlement notice process:

   Solids control technicians who were referred to Strad by Tier One, LLC to perform work on behalf of Strad who worked more than 40 hours in a workweek while being paid a day rate by Tier One, LLC from September 5, 2015 to September 5, 2018.

3. Plaintiff David Ruberto is appointed as Claimant Representative for settlement purposes only.

4. Andrew W. Dunlap and Michael A. Josephson, Josephson Dunlap, LLP and Richard J. (Rex) Burch of Bruckner Burch PLLC are appointed as Counsel for the Claimant Group for settlement purposes only.

5. ILYM is approved as settlement administrator of the claim and dispute resolution process described in the Settlement Agreement.

6. The substance and dissemination of the Notice and Claim Form and Substitute W-9, as appended to the Motion, satisfy the requirements of 29 U.S.C. § 216(b), and therefore the Notice and Claim Form and Substitute W-9 are approved.

7. Plaintiff and all Putative Claimants who "opt in" to this action because they submit timely Consent and Substitute W-9 Forms pursuant to 29 U.S.C. § 216(b) are forever barred from bringing or presenting any action or proceeding against Strad Energy Services USA Ltd. (as defined in the Settlement Agreement) that involves or asserts any of the claims released in the Settlement Agreement and are deemed to have released and forever discharged Strad Energy Services USA Ltd. (as defined in the Settlement Agreement) from all released claims.

8. All claims against Strad Energy Services USA Ltd. in this action will upon the conclusion of the settlement administration be dismissed with prejudice to the extent provided in the Settlement Agreement.

9. Within 30 days of the end of the opt-in period, the parties will file a joint stipulation of dismissal with prejudice and entry of final judgment as to claims

asserted under 29 U.S.C. § 216(b) and as to those persons and claims as identified in paragraph 7 above.

10. Without affecting the finality of such judgment, the Court reserves jurisdiction over the implementation, administration and enforcement of this judgment, and the Settlement Agreement and all matters ancillary to the same.

11. This Order and the Settlement Agreement are not evidence of, or an admission or concession on the part of Strad Energy Services USA Ltd. with respect to any claim of any fault, liability, wrongdoing or damages whatsoever.

12. The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass or for any other purpose in any other action.

13. Neither the Settlement Agreement nor any ancillary documents, actions, statements or filings in furtherance of settlement (including matters associated with the mediation) will be admissible or offered into evidence in any action related or similar to this one for the purposes of establishing or supporting any claims that were raised or could have been raised in this action or are similar to such claims.

14. Pursuant to Fed. R. Civ. P. 23(e), and upon consideration of the Motion and ancillary documents, the Court concludes that neither notice nor a hearing is required before entering this Order, because under the Settlement Agreement, no person who does not "opt in" to the case under 29 U.S.C. § 216(b) will be bound by this Order or the settlement, nor will their rights be extinguished.

June 13, 2019
**Date**

_____
**Honorable Mark R. Hornak**
**Chief United States District Judge**